UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZOZO INVESTMENTS LLC and
BERTIE & NEEKA LLC,

    Plaintiffs,

v.                                            Case No.:  2:24-cv-939-JLB-KCD

FIRST COMMUNITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss.  (Doc. 16).  Plaintiffs filed a response (Doc. 17), and with the Court's leave, Defendant replied (Doc. 22).  As set forth herein, the Court **GRANTS** the motion to dismiss.

## BACKGROUND

This breach of contract action arises from flood damage sustained by Plaintiffs' home from Hurricane Ian.  (Doc. 1 at ¶ 11).  Defendant, a write-your-own program carrier under the National Flood Insurance Program, issued Plaintiffs a Standard Flood Insurance Policy (SFIP), effective at the time of the loss.  (*Id.* at ¶¶ 8, 11).  Plaintiffs submitted a claim to Defendant for flood damage sustained at their property.  (*Id.* at ¶ 12).  Shortly after, Defendant issued Plaintiffs a check for the damages but issued a stop payment order a few months later.  (*Id.* at ¶ 13; Doc. 1-4).  On March 13, 2023, Defendant mailed Plaintiffs a denial letter citing Citizens Property Insurance Corporation's payment in excess of the pre-loss valuation of the

property as the denial reason. (Doc. 1 at ¶ 14; Doc. 1-5). On October 19, 2023, after receiving Plaintiffs' sworn proof of loss, Defendant mailed Plaintiffs a second denial letter. (Doc. 1 at ¶ 20; Doc. 1-9). On October 4, 2024, Plaintiffs filed this action. (Doc. 1). Plaintiffs allege that Defendant breached the policy when it denied Plaintiffs claim and failed to remit payment for Plaintiffs' loss. (*Id.* at ¶¶ 32–33).

Defendant moves to dismiss on the grounds that the suit is time-barred pursuant to 42 U.S.C. § 4072 because Plaintiffs filed suit more than a year after the first denial letter was mailed. (Doc. 16 at 7–15). In response, Plaintiffs contend that the statute of limitations was not triggered because the first denial was not based on a sworn proof of loss. (Doc. 17 at 2–5). The Court grants the motion for the reasons set forth below.

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not

2

enough to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Upon a careful review of the pleadings, the Court grants Defendant's motion to dismiss. As discussed further, the breach of contract claim is time-barred and must be dismissed.

In standard flood insurance suits, the operative statute unambiguously instructs that claimants must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Specifically, Section 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, **the claimant, *within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator*, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated**, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added); *see also* 44 C.F.R. § 62.22(a). To leave no doubt as to the one-year time limit to file suit "after the date of the written denial of all or part of a claim, Part VII.O of the SFIP states: "**If you do sue, you must start the suit within one year after the date of the written denial of all or part of the**

3

**claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss**." (Doc. 1-3 at 25) (emphasis in original)).

Turning to the facts here, Defendant mailed its first denial letter to Plaintiffs on March 13, 2023, followed by a second denial letter on October 19, 2023. (Doc. 1-5; Doc. 1-9). To determine whether a letter is a denial, "courts closely examine the letter's content." *4922 Mgmt. LLC v. Selective Ins. Co.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (cleaned up). Here, the first denial letter explicitly states, "Your claim payment for flood damages sustained to the above-captioned structure **is denied**[.]" (Doc. 1-5) (emphasis added).[1]

Defendants argue that because the suit was filed more than a year after the first denial letter was mailed to Plaintiffs, the claim is time-barred. (Doc. 16 at 7–15). Plaintiffs contend that the first denial letter did not trigger the statute of limitations because it was not based on a sworn proof of loss. (Doc. 17 at 3–5). Specifically, Plaintiffs argue that the *second* denial letter, issued on October 19, 2023, supported by a sworn proof of loss, triggered the one-year statute of limitations. (*Id.* at 3–4; Doc. 1-9). Thus, Plaintiffs contend, the claim is not time-

---

[1] It also clearly notifies Plaintiffs of their rights to "appeal that decision within 60 days of the date of this denial letter[.]" (Doc. 1-5).

barred because this case was filed less than a year after the second denial letter was issued.  (*Id.* at 4).

The Court rejects Plaintiffs' argument that a denial of a claimant's sworn proof of loss triggers the one-year statutory clock.  "District courts in the Middle District of Florida have unanimously agreed that a denial letter is a proper disallowance that triggers the one-year limitation period, not the denial of a claimant's sworn proof of loss."  *Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) (collecting cases); *see Rosario v. Occidental Fire & Cas. Co. of N. Carolina*, No. 2:24-CV-1135-JLB-KCD, 2025 WL 1425461, at *2–3 (M.D. Fla. May 16, 2025) (finding that the claim was time-barred when the suit was filed over a year after the first partial denial, even when the first partial denial was not based on a sworn proof of loss).

And Plaintiffs' reliance on *Qader v. Fed. Emergency Mgmt. Agency*, 543 F. Supp. 2d 558, 562 (E.D. La. 2008) and its progeny is misplaced, as the Fifth Circuit has since disapproved the court's decision because "[s]ection 4072 does not mention a proof of loss, much less require the disallowance of one." *McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *2 (5th Cir. Sept. 30, 2022) (finding that the denial of a claim begins the statutory clock, not the denial of a proof of loss).  The second denial letter, issued after receipt of the sworn proof of loss, does not negate the issuance of the first denial letter. *Raulerson*, 2025 WL 1133767, at *3 (concluding that the first denial letter triggered the statutory period,

5

not the denial of the sworn proof of loss); *4922 Mgmt. LLC*, 2025 WL 417701, at *3 ("Defendant's denial letter did not need to be based on a proof of loss to trigger the one-year limitation period."). Thus, because Plaintiffs' suit was filed on October 4, 2024, and it was more than a year after the first denial letter's March 13, 2023 mailing, this suit is time-barred under 42 U.S.C. § 4072 and is due to be dismissed. To the extent Defendant seeks entitlement to costs, they are directed to Middle District of Florida Local Rule 7.01 for the proper procedure.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 16) is **GRANTED.**
2. The Complaint (Doc. 1) is **DISMISSED with prejudice**, and the Clerk is **DIRECTED** to enter judgment accordingly, terminate all deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 25, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

6